

FILED
WM. JASON ISON
NOV 0 6 2015
ELLIOTT CO CIRCUIT/DISTRICT COURT
BY: _____ D.C.

COMMONWEALTH OF KENTUCKY
ELLIOTT CIRCUIT COURT
DIVISION: ____
CIVIL ACTION NO. 15-CI-00098

RAY FULTZ, EXECUTOR OF THE ESTATE OF            PLAINTIFF
PLUMMER FULTZ

v.            **COMPLAINT**

DIVERSICARE LEASING CORP. d/b/a ELLIOTT            DEFENDANT
NURSING AND REHABILITATION CENTER

*Serve by Certified Mail:*

    Corporation Service Company, Registered Agent
    421 West Main Street
    Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Ray Fultz, Executor of the Estate of Plummer Fultz, by counsel, and on behalf of the wrongful death beneficiaries of Plummer Fultz, and for his cause of action against Defendant, Diversicare Leasing Corp. d/b/a Elliott Nursing and Rehabilitation Center, states as follows:

## COUNT I

1. The Plaintiff, Ray Fultz, is the appointed, qualified and acting Personal Representative of the Estate of Plummer Fultz, and on behalf of the wrongful death beneficiaries of Plummer Fultz, as appointed by the Order of the Carter County District Probate Court, Case No. 14-P-166, on October 12, 2015, and therefore brings this action on behalf of the Estate of Plummer Fultz, pursuant to the Survival of Actions Statute (K.R.S. § 411.140) and the Wrongful Death Statute (K.R.S. § 411.130). A copy of the Order of Appointment is attached hereto as Exhibit A.

2. Ray Fultz, Executor of the Estate of Plummer Fultz is a resident of Olive Hill, Carter County, Kentucky.

3. Upon information and belief, Plummer Fultz, was at the time of his death a resident of Diversicare Leasing Corp. d/b/a Elliott Nursing and Rehabilitation Center located at Route 32 East, Howard Creek Road, Sandy Hook, Elliott County, Kentucky 41171.

4. At all times relevant to this action, Plummer Fultz, was of unsound mind.

5. The Defendant, Diversicare Leasing Corp. d/b/a Elliott Nursing and Rehabilitation Center [hereinafter Defendant] is a Corporation organized and existing under the laws of Tennessee with its principal place of business at 1621 Galleria Boulevard, Brentwood, TN 37027. Its registered agent for service of process in Kentucky is Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

6. The Defendant controlled the operation, planning, management, budget and quality control of Elliott Nursing and Rehab Center. The authority exercised by Defendant over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by the nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services and financial, tax and accounting control through fiscal policies established by the Defendant.

7. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

8. Plaintiff realleges and reaffirms all the allegations contained in the paragraphs above, and incorporates same as if fully set forth herein.

9. Upon information and belief, Plummer Fultz was looking to the Defendant for treatment of his total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat him.

10. At all relevant times mentioned herein, Defendant owned, operated and/or controlled the Elliott Nursing and Rehab Center, either directly or through the agency of others and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

11. The Defendant is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

12. Defendant failed to discharge its obligations of care to Plummer Fultz, and in so failing, displayed a conscious disregard for his rights and safety. At all times mentioned herein, Defendant, individually and/or through its corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Plummer Fultz, as more fully set forth below. Defendant knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Elliott Nursing and Rehab Center, including Plummer Fultz.

13. Due to the wrongful conduct of the Defendant, Plummer Fultz, suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, including, but not limited to, the following:
    a. Poor wound care; and
    b. On or about three to four falls in 2014, ultimately resulting in a broken neck/bones and death.

14. Plummer Fultz also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress, permanent impairment of his power to earn money, hospitalizations and death, all of which were caused by the wrongful conduct of the Defendant as alleged below.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

### COUNT ONE
### NEGLIGENCE

15. Plaintiff realleges and reaffirms all the allegations contained in the paragraphs above, as incorporates same as if fully set forth herein.

16. Defendant owed a non-delegable duty to Plummer Fultz, to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstance.

17. Upon information and belief, the Defendant knowingly developed and maintained staffing levels at the facility without regard for patient acuity levels as well as for the minimum time required to perform the essential functions of providing care to Plummer Fultz and to protect him from falling.

18. Defendant negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

    a. The failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

        i. Ensuring compliance with the rules and regulations designed to protect the health and safety of Plummer Fultz, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

        ii. Ensuring compliance with the resident care policies for the facility; and

        iii. Ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

    b. The failure to develop, implement and follow policies to assist Plummer Fultz in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote his healing or cure;

c. The failure to maintain all records on Plummer Fultz in accordance with accepted professional standards and practices;

d. The failure to provide the minimum number of qualified personnel to meet the total needs of Plummer Fultz;

e. The failure to monitor or increase the number of nursing personnel at Elliott Nursing and Rehab Center to ensure that Plummer Fultz:

   i. Received timely and accurate care assessments;

   ii. Received prescribed treatment, medication and diet;

   iii. Received timely custodial, nursing and medical intervention due to a significant change in condition; and

   iv. Sufficient monitoring as well as assistance with mobility so as to prevent falls;

f. The failure to provide a nursing and other staff that were properly staffed, qualified and trained.

g. The failure to have in place adequate guidelines, policies and procedures for Elliott Nursing and Rehab Center and to administer those policies through enforcement of any rules, regulations, by – laws or guidelines;

h. The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at Elliott Nursing and Rehabilitation Center; and

i. The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.

j. The failure to assess the risk of and prevent falls;

19. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in injuries to Plummer Fultz. Each of the foregoing acts of negligence on the part of the Defendant was accomplished by such wanton or reckless disregard for the health and safety of Plummer Fultz as to constitute gross negligence.

20. Pursuant to KRS 446.070, Plaintiff also alleges Defendant violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Plummer Fultz was injured by the statutory violations of Defendant and is within the class of persons for whose benefit the statues were enacted and who were intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to violation(s) of the following:

    a. Violation(s) of KRS 209.005 et seq. and the regulations promulgated there under, by abuse, neglect and/or exploitation of Plummer Fultz;

    b. Violation(s) of KRS 508.090 et seq., criminal abuse, by committing intentional, wanton or reckless abuse of Plummer Fultz, or permitting Plummer Fultz, a person of whom Defendant had actual custody, to be abused. Such abuse caused serious physical injury, placed Plummer Fultz in a situation that might cause him serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Plummer Fultz;

    c. Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Plummer Fultz, who was unable to care for himself because of mental illness;

    d. Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and /or

    e. Violation(s) of the statutory standards and requirements governing licensing and operation of long term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated there under, as well as the applicable federal laws and regulations governing the certification of the long-term care facilities under Titles XVIII or XIX of the Social Security Act.

21. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Plummer Fultz suffered the injuries described above. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, permanent impairment of Plaintiff's decedent's power to earn money, mental anguish and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirements of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT TWO
## MEDICAL NEGLIGENCE

22. Plaintiff realleges and reaffirms all the allegations contained in the paragraphs above, and incorporates same as if fully set forth herein.

23. Defendant had a duty to provide the standard of professional medical care and services of reasonably competent nursing facility acting under the same or similar circumstances.

24. Defendant failed to meet applicable standards of medical care. The medical negligence or malpractice of the Defendant included, but was not limited to, the following acts and omissions:

   a. The overall failure to ensure that Plummer Fultz received the following:
      i. Timely and accurate care assessments;
      ii. Prescribed treatment, medication and diet;
      iii. Necessary supervision;
      iv. Timely nursing and medical intervention due to a significant change in condition; and
      v. Sufficient monitoring as well as assistance with mobility so as to prevent falls;
   b. The failure to hire and retain sufficient professional nursing staff;
   c. The failure to adequately assess, evaluate and supervise nursing personnel;
   d. The failure to provide and implement an adequate nursing care plan based on the needs of Plummer Fultz;
   e. The failure to access the risk and prevent, treat or heal the development of or worsening of pressure sores or lesions;
   f. The failure to assess the risk of and prevent falls;
   g. The failure to assess the risk and prevent, treat or heal the development of or worsening of malnutrition;
   h. The failure to provide care, treatment and medication in accordance with physician's orders; and

    i. The failure to adequately and appropriately monitor Plummer Fultz and recognize significant changes in his health status, and to timely notify his physician of significant changes in his health status;

    j. Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

25. It was foreseeable that the breaches of care listed above would result in injuries to Plummer Fultz. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

26. Each of the foregoing acts of professional or medical negligence on the part of the Defendant was accompanied by such wanton or reckless disregard for the health and safety of Plummer Fultz as to constitute gross negligence.

27. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Plummer Fultz suffered the injuries described above. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, permanent impairment of Plummer Fultz's power to earn money, pain and suffering, mental anguish, disability, disfigurement, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirement of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT THREE
## VIOLATIONS OF LONG TERM CARE RESIDENTS' RIGHTS

28. Plaintiff realleges and reaffirms all the allegations contained in the paragraphs above, as incorporates same as if fully set forth herein.

29. The Defendant violated statutory duties owed to Plummer Fultz as a resident of a long term care nursing facility, Kentucky Revised Statutes sections 216.510 *et seq.* These statutory duties were non-delegable.

30. Violations of the residents' rights of Plummer Fultz include, but are not limited to, the following:

    a. Violation of his right to be free from mental and physical abuse;

    b. Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality, including privacy in treatment and in care of his personal needs;

    c. Violation of the right to have a responsible party or family member or his guardian notified immediately of any accident, sudden illness, disease, unexplained absence or anything unusual involving the resident;

    d. Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet his needs;

    e. Violation of the right to have the Defendant develop and implement a mechanism with would have allowed Plummer Fultz and the responsible party or his responsible family member or his guardian to participate in the planning of his care;

    f. Violation of the right to be given assistance when needed in maintaining body hygiene and good grooming; and

    g. Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations

promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

31. The aforementioned deprivations and infringements of the rights of Plummer Fultz entitle Plaintiff to recover actual and punitive damages from the Defendant in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirement of this Court, as well as costs and attorney's fees.

## COUNT FOUR
## WRONGFUL DEATH

32. Plaintiff realleges and reaffirms all the allegations contained in the paragraphs above, as incorporates same as if fully set forth herein.

33. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent and/or negligent, willful and wanton, outrageous or reckless, Defendant caused the death of Plummer Fultz.

34. Plummer Fultz suffered personal injury including excruciating pain and suffering, mental anguish and emotional distress. The pain, disfigurement and loss of dignity suffered by Plummer Fultz caused his family to suffer more than normal grief upon his death.

35. As a direct and proximate result of the wrongful death suffered by Plummer Fultz, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant, including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, impairment of earning capacity, disability and loss of the enjoyment of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirement of this Court, as well as costs and attorney's fees, plus interest and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Ray Fultz, as Executor of the Estate of Plummer Fultz, and on behalf of the wrongful death beneficiaries of Plummer Fultz, prays for judgment against the Defendant, for the damages and injuries set forth above, in an amount to be determined from the evidence, the costs herein expended, a reasonable attorney's fee and all other relief to which Plaintiff is entitled, including **TRIAL BY JURY.**

Respectfully submitted,

_____
Patrick Flannery
Patrick Flannery Law, PLLC
P.O. Box 1269
Olive Hill, KY 41164
Telephone: (606) 286-9038
Facsimile: (606) 286-0151
E-Mail: flannerylaw@gmail.com
*Co-Counsel for Plaintiff*

_____
Aaron D. Reedy
Jacob K. Michul
HURT, DECKARD & MAY, PLLC
127 West Main Street
Lexington, KY 40507
Telephone: (859) 254-0000
Facsimile: (859) 254-4763
E-Mail: areedy@hdmfirm.com
E-Mail: jmichul@hdmfirm.com
*Co-Counsel for Plaintiff*

COMMONWEALTH OF KENTUCKY
CARTER DISTRICT COURT
CASE NO. 14-P-00166

ENTERED
CARTER CIRCUIT/DISTRICT COURT
OCT 1 2 2015
BY: _____ D.C.
LARRY D. THOMPSON, CLERK

Exhibit A

In Re: Estate of Plummer Fultz

## ORDER

This matter is before the Court on the motion of Ray Fultz to substitute the personal representative of the estate and hold the estate open for further administration. The Court, having considered the motion and being otherwise duly and sufficiently advised, it is hereby ORDERED that:

1. The current executor is discharged and Ray Fultz is hereby appointed successor executor; and

2. The estate shall remain open for further administration. $25,000 unsecured Bond.

So ORDERED this 12th day of October, 2015.

_____
Judge, Carter District Court

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the parties hereto, on this the 12th day of October, 2015, by mailing a true and correct copy of same to:

1. Carter Co. Circuit Court Clerk
2. Hon. Truman Dehner, 206 E. Main St., Morehead, KY 40351
3. Bertha Lambert, 142 Douglas Hollow, Olive Hill, KY 41164
4. Hon. Patrick Flannery, P.O. BOX 1269, Olive Hill, KY 41164

_____, D.C.
Clerk, Carter District Court

ATTEST: A TRUE COPY
LARRY D. THOMPSON, CLERK
CARTER CIRCUIT/DISTRICT COURT
BY: _____ D.C.